# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA CHRISTINE BALLESTERO, | Case No. 1:15-cv-01798-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | **(Doc. 1)** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On November 30, 2015, Plaintiff Diana Christine Ballestero ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits. (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.[1]

For the reasons provided herein, the Court REVERSES the final decision of the Commissioner and REMANDS this matter for further proceedings.

## I.   BACKGROUND

The following includes the pertinent medical and procedural background for this matter. Plaintiff was born on February 24, 1957 and is currently 59 years old. (Administrative Record

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 5 & 6.)

("AR") 123.) On August 10, 2012, Plaintiff filed a claim for disability insurance benefits, in which she alleges that she became disabled on January 21, 2011. (AR 123–24.) In her disability report, Plaintiff asserted that she suffered from the following physical or mental conditions: (1) stenosis in the lumbar region; (2) hip bursitis; (3) muscle cramps; (4) hallux valgus; (5) Morton's neuroma and bunions; (6) migraine headaches; (7) vision problems; and (8) chronic pain syndrome. (AR 144.)

Prior to the alleged disability, Plaintiff was a senior supervisor assistant for a bank, (AR 27–28), between March 2006 and July 2012, (AR 146). As a part of this employment, Plaintiff stated that she "[h]ad to lift and carry boxes of coin . . . from the vault to teller windows." (AR 146.) Plaintiff also stated that this job required Plaintiff to frequently lift 50 pounds or more. (AR 146.)

Two State agency physicians, Dr. F. Greene and Dr. F. Wilson, reviewed Plaintiff's medical file following Plaintiff's claim of disability and provided opinions regarding Plaintiff's residual functional capacity ("RFC"). (*See, e.g.*, AR 47–48, 58–60.) In an opinion dated November 16, 2012, Dr. F. Greene opined that Plaintiff could occasionally "lift and/or carry" 20 pounds, frequently "lift and/or carry" 10 pounds, "[s]tand and/or walk" for "[a]bout 6 hours in an 8-hour workday," and sit for "[m]ore than 6 hours on a sustained basis in an 8-hour workday." (AR 47.) In an opinion dated May 24, 2013, Dr. Wilson concurred with each of these assessments regarding Plaintiff's RFC. (AR 58.)

The Social Security Administration denied Plaintiff's disability claim initially on January 28, 2013, (AR 63–67), and again on reconsideration on June 5, 2013, (AR 71–75). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (AR 78–79.)

On July 25, 2014, the ALJ held a hearing regarding Plaintiff's disability claim. (*See* AR 24–39.) Plaintiff was represented by counsel at this hearing. (*See* AR 24.) During the hearing, Plaintiff testified that her past employment required her to lift "[c]oin boxes" weighing "about 25 to 30" pounds "probably . . . every day." (AR 28–29.) Plaintiff also testified that, at the time of the hearing, she could only lift "about . . . four to five" pounds "on a regular basis." (AR 35.)

The ALJ examined a vocational expert ("VE"), Jeanine Metildi, at Plaintiff's disability hearing. (*See* AR 36–38.) The VE classified Plaintiff's past relevant work as a "teller," which Plaintiff "perform[ed] . . . at a medium exertional level due to lifting the money bags." (AR 36.)

The ALJ then provided the following hypothetical to the VE:

> For purposes of [Plaintiff's] past relevant work and potential entry level work of a [c]laimant of 57 years old with a twelfth grade education and could perform medium work, which [sic] is allowed the ability to stand or walk six hours out of eight hours, sit six hours out of eight hours, could she perform her past relevant work?

(AR 36–37.) The VE responded that this hypothetical person could perform her past relevant work, "[a]s actually performed and as customarily performed." (AR 37.)

The ALJ subsequently found that Plaintiff was not disabled in a decision dated August 22, 2014. (AR 1409–14.) In his decision, the ALJ conducted the five-step sequential evaluation analysis set forth in 20 C.F.R. § 404.1520. (*See* AR 1409–14.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since July 11, 2012, the alleged onset date." (AR 1411.) At step two, the ALJ found that Plaintiff has two medically severe impairments—"degenerative disc disease and headaches." (AR 1411.) At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." (AR 1412.)

The ALJ next found that Plaintiff "has the [RFC] to perform the full range of medium work as defined in" 20 C.F.R. § 404.1567(c). (AR 1412.) The ALJ did not mention the opinion evidence from Dr. Greene or Dr. Wilson in his RFC analysis, (*see* AR 1412–13), or at any other point in his decision, (*see* AR 1409–14). The ALJ also did not address any other evidence as to the amount of weight Plaintiff can lift or carry in his RFC analysis. (*See* AR 1412–13.)

Finally, at step four, the ALJ determined that Plaintiff "is capable of performing past relevant work as a teller . . . performed at medium" and that "[t]his work does not require the performance of work-related activities precluded by the claimant's [RFC]." (AR 1413–14.) At this step, the ALJ also stated that the VE "testified in response to a hypothetical question assuming

[Plaintiff's] age, education, vocational background, and limitations, that such a hypothetical individual could perform [Plaintiff's] past relevant work as a teller." (AR 1414.) Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from July 11, 2012, through the date of" his decision.[2] (AR 1414.)

Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 12.) On September 9, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 6–11.)

Plaintiff then filed the Complaint in this Court on November 30, 2015. (Doc. 1.) Plaintiff filed her opening brief on August 17, 2016, (Doc. 14), Defendant filed an opposition brief on September 23, 2016, (Doc. 17), and Plaintiff filed her reply brief on October 11, 2016, (Doc. 18). As such, this matter is fully briefed and ready for disposition.

## II.    LEGAL STANDARD

### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility [for disability benefits], the Commissioner" is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." *Id.* § 423(d)(2)(B). For purposes of this

---

[2] As the ALJ found that Plaintiff was not disabled at step four, he did not proceed to step five of the sequential evaluation analysis. (*See* AR 1414.)

4

determination, "a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 404.1520(a)(4) (providing the "five-step sequential evaluation process"); *id.* § 416.920(a)(4) (same). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is

5

defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### III.   DISCUSSION

Plaintiff argues that the ALJ committed reversible error in the RFC determination by failing to provide "any discussion or explanation of the weight" the ALJ accorded to the opinions of two State agency physicians, Dr. Greene and Dr. Wilson. (Doc. 14 at 7.) Plaintiff further

asserts that this error was not harmless. (*See id.* at 8–11.) The Court agrees with Plaintiff's arguments.[3]

The ALJ determines a claimant's RFC before step four of the sequential evaluation analysis. *See, e.g.*, 20 C.F.R. §§ 404.1520(e) & 416.920(e). A claimant's RFC "is the most [the claimant] can still do despite [their] limitations." *Id.* §§ 404.1545(a)(1) & 416.945(a)(1). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record . . . ." *Robbins*, 466 F.3d at 883. "The ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence . . . ." *Jenkins v. Colvin*, Case No. 1:15-cv-01135-SKO, 2016 WL 4126707, at *6 (E.D. Cal. Aug. 2, 2016) (citing *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001)). Additionally, "[t]he ALJ can . . . decide what weight to give to what evidence as long as the ALJ's reasoning is free of legal error and is based on substantial evidence." *Tremayne v. Astrue*, No. CIV 08–2795 EFB, 2010 WL 1266850, at *12 (E.D. Cal. Mar. 29, 2010) (citing *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998)).

"In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Reddick*, 157 F.3d at 725. Courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do

---

[3] In her opening brief, Plaintiff also appears to argue that reversal is warranted because the VE erred by "misclassif[ying]" Plaintiff's "work history." (Doc. 14 at 8.) Defendant responds that Plaintiff waived her argument as to the VE's testimony regarding Plaintiff's past work. (Doc. 17 at 9–10.) In particular, Defendant asserts that "Plaintiff, who was represented by counsel at the administrative hearing, failed to object in any way during the administrating proceedings to the [VE's] testimony that Plaintiff's [past relevant work] was best categorized as teller." (*Id.* at 9.) The Court agrees with Defendant's argument.

As Defendant correctly notes, the Ninth Circuit has held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal" and courts "will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). In this case, Plaintiff was represented by counsel at the administrative hearing, but counsel failed to lodge any objection to the VE's testimony regarding Plaintiff's past work history. (*See* AR 36–38.) As this argument was not preserved at the administrative hearing, it is waived on appeal before this Court. *See, e.g.*, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 n.3 (9th Cir. 2006) (declining to address the claimant's "argument that the ALJ erred in relying on the [VE's] testimony" where "it was not raised and preserved for appeal at the hearing" (citing *Meanel*, 172 F.3d at 1115)); *Chai Johnny Xiong v. Colvin*, No. 1:13–cv–01161–JLT, 2014 WL 3735358, at *8 (E.D. Cal. July 28, 2014) (finding that the claimant waived their right to raise an argument regarding the VE's "methodology" where they were represented by counsel at the administrative hearing, but "did not inquire as to" this issue at the hearing). Further, Defendant asserts—and Plaintiff does not contest—that a finding of waiver does not present a risk of manifest injustice. (*See* Doc. 17 at 9; Doc. 18.) Accordingly, to the extent Plaintiff asserts that an error by the VE warrants reversal of the Commissioner's final decision, the Court finds that this argument is waived.

not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining [or reviewing] physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citations omitted). The opinions of treating physicians "are given greater weight than the opinions of other physicians" because "treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted). Nonetheless, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

In this case, the two State agency physicians at issue, Dr. Greene and Dr. Wilson, are non-examining physicians because they only reviewed Plaintiff's file and did not otherwise treat or examine Plaintiff. (*See, e.g.*, Doc. 14 at 4.) "Non-examining State agency physicians, psychologists and other medical consultants are qualified experts in the Social Security disability programs . . . ." *Chavoya v. Colvin*, No. 1:14–cv–00635–BAM, 2015 WL 4873017, at *5 (E.D. Cal. Aug. 12, 2015). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester*, 81 F.3d at 831 (citations omitted). Additionally, "[t]he ALJ is responsible for assessing a claimant's RFC and is not bound by findings made by State agency physicians, psychologists and other medical consultants." *Chavoya*, 2015 WL 4873017, at *5 (citing 20 C.F.R. § 416.927(e)(2)(i)).

However, "[u]nless the treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. § 416.927(e)(2)(ii). As such, "[a]n ALJ 'may not ignore' state agency medical consultant opinions 'and must explain the weight given to these opinions in their decisions.'"

*Orta v. Colvin*, No. 1:12–CV–00837–SMS, 2013 WL 6047617, at *6 (E.D. Cal. Nov. 14, 2013) (quoting SSR 96–6p); *see, e.g.*, SSR 96–8p ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Ushakova v. Astrue*, No. 2:11–cv–01920 KJN, 2012 WL 4364278, at *10 (E.D. Cal. Sept. 21, 2012) ("An ALJ must acknowledge the opinions of state agency and other program physicians in the record and state how much weight he or she has given to each of those opinions." (citation omitted)).

Here, the record before the ALJ included the opinion evidence of non-examining physicians Dr. Greene and Dr. Wilson. In an opinion dated November 16, 2012, Dr. Greene opined, in pertinent part, that Plaintiff could occasionally "lift and/or carry" 20 pounds and frequently "lift and/or carry" 10 pounds. (AR 47.) In an opinion dated May 24, 2013, Dr. Wilson concurred with these assessments. (AR 58.)

In his decision, the ALJ found that Plaintiff had the RFC "to perform the full range of medium work." (AR 1412.) This determination conflicted with the opinion evidence of Dr. Greene and Dr. Wilson, insofar as these physicians opined that Plaintiff could occasionally and frequently carry less weight than the weight provided under "medium work" classification. *Compare* 20 C.F.R. 404.1567(c) (stating that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds"), *with* (AR 47 (providing Dr. Greene's opinion that Plaintiff could occasionally "life and/or carry" 20 pounds and frequently "lift and/or carry" 10 pounds), *and* AR 58 (providing Dr. Wilson's opinion, in which he provides the same assessments)). Nonetheless, the ALJ did not either give controlling weight to conflicting testimony from another physician, or mention the opinion evidence from Dr. Greene and Dr. Wilson. (*See* AR 1409–14.) By ignoring this opinion evidence from non-examining physicians, the ALJ committed error. *See, e.g.*, *Shafer v. Astrue*, 518 F.3d 1067, 1069 (9th Cir. 2008) (stating that the ALJ committed error by "disregard[ing]" the opinion evidence of a non-examining physician "without explanation or further development of the record").

Defendant argues that, "even if the ALJ erred in not discussing the opinions of Drs. Greene and Wilson, this was at most harmless error." (Doc. 17 at 6.) The Court disagrees. The Ninth

Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). As such, "the court will not reverse an ALJ's decision for harmless error." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (stating that an error is also harmless "'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity'" (quoting *Alaska Dep't of Envtl. Conservation. v. EPA*, 540 U.S. 461, 497 (2004))). "In other words, in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. "[T]he nature of [the] application" of the "harmless error analysis to social security cases" is "fact-intensive—'no presumptions operate' and '[courts] must analyze harmlessness in light of the circumstances of the case.'" *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1121). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

The Court finds that the ALJ's error in ignoring the opinion evidence of Dr. Greene and Dr. Wilson was not harmless. Subsequent to the RFC determination, "the [VE] characterized the claimant's past relevant work as a teller." (AR 1414.) The VE also opined that Plaintiff performed her past relevant work "at a medium exertion level" because Plaintiff "lift[ed] . . . money bags." (AR 36.) The ALJ then presented a hypothetical question to the VE where, consistent with the RFC determination, the ALJ stated that Plaintiff "could perform medium work." (AR 36–37.) In response to this hypothetical, the VE testified that "such a hypothetical individual could perform the claimant's past relevant work as a teller." (AR 1414.) The ALJ credited the VE's testimony and found that Plaintiff was not disabled because she "is capable of performing past relevant work as a teller . . . performed at [a] medium" work level and "[t]his

work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 1413–14.)

However, if the ALJ had considered and credited the opinion testimony of Dr. Greene and Dr. Wilson, his disability determination would change. Specifically, consistent with this opinion testimony, the ALJ would have found that Plaintiff was not capable of occasionally or frequently lifting the amount of weight associated with a medium level of work. The ALJ then would have determined that Plaintiff was not able to perform her past relevant work at a medium work level. As the ALJ's step-four determination regarding disability would have been materially different if he credited the opinion testimony of Dr. Greene and Dr. Wilson, the Court finds that the ALJ's error in ignoring this testimony was not inconsequential to the ultimate disability finding. The Court therefore finds that the ALJ's error was not harmless, *see, e.g.*, *Molina*, 674 F.3d at 1115 (stating that an error is harmless "where it is inconsequential to the ultimate nondisability determination" (citations omitted)), and remand is warranted.[4]

//

//

//

//

---

[4] In her briefing, Plaintiff argues that the Court "should reverse the ALJ's decision and order payment of benefits." (Doc. 14 at 11.) The Court disagrees and finds that an order for payment of benefits is inappropriate.

Where the ALJ commits an error and that error is not harmless, the "ordinary . . . rule" is "to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citations omitted). The Ninth Circuit recognized a limited exception to this typical course where courts "remand[] for an award of benefits instead of further proceedings on the claimant's credibility." *Id.* at 1100–01 (citations omitted); *see also id.* at 1100 (noting that this exception is "sometimes referred to as the 'credit-as-true' rule"). In determining whether to apply this exception to the "ordinary remand rule," the court must determine, in part, whether (1) "the record has been fully developed;" (2) "there are outstanding issues that must be resolved before a determination of disability can be made;" and (3) "further administrative proceedings would be useful." *Id.* at 1101 (citations omitted). As to the last inquiry, additional "[a]dministrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (citations omitted). Ultimately, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (citation omitted).

Here, the Court finds that the "credit-as-true" exception to the "ordinary remand rule" is inapplicable because additional administrative proceedings will be useful. In particular, the ALJ's RFC determination conflicted with the opinion evidence of Dr. Greene and Dr. Wilson and, based on the record, it is not clear that the ALJ considered this evidence. Additional administrative proceedings will be useful to accord an opportunity to the ALJ to resolve this conflict.

Accordingly, the Court declines Plaintiff's request to order payment of benefits. Instead, the Court shall remand this matter for further proceedings.

11

## IV.    CONCLUSION

For the reasons provided above, the Court REVERSES the final decision of the Commissioner and REMANDS this matter for further proceedings.

IT IS SO ORDERED.

Dated:   **February 21, 2017**                                   /s/ *Sheila K. Oberto*                
                                                                    UNITED STATES MAGISTRATE JUDGE